# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**RETTA A. CANCHOLA,**

    **Plaintiff,**

**v.**        Case No. 8:10-cv-2296-T-TBM

**MICHAEL J. ASTRUE,**
**Commissioner of the United States**
**Social Security Administration,**

    **Defendant.**
                               /

## O R D E R

The Plaintiff seeks judicial review of the denial of her claim for a period of disability and Social Security disability benefits. The Plaintiff urges that her case be reversed and remanded for further consideration because the ALJ erred in failing to discuss whether her carpal tunnel syndrome was a severe impairment and in failing to adequately evaluate Plaintiff's complaints of lifting limitations in accordance with the Eleventh Circuit's Three-Part Pain Standard. For the reasons set out herein, the decision is reversed and remanded.

A.

Plaintiff was fifty-one years old at the time of her administrative hearing in December 2009. Plaintiff studied concerto piano and has an Associate's Degree from college. Her past relevant work was as a post office supervisor and title clerk. Plaintiff applied for disability benefits in April 2007, alleging disability as of August 18, 2006, by reason of stress,

hypertension, breast cancer, depression, and bi-polar disorder. The Plaintiff's application was denied originally and on reconsideration.

A de novo hearing was conducted by an Administrative Law Judge (ALJ) on December 2, 2009. Plaintiff, who was represented at the hearing, testified that she is unable to work because of a number of physical and mental limitations. Although she has attempted work since her alleged onset date, she was unable to keep up with the work. Her arthritis limits her to lifting and carrying no more than five to ten pounds. She has problems remembering things and fears Alzheimer's which runs in her family. She has high blood pressure. She takes medication for that and also Ultram and Tramadol. Her medications make her sick to her stomach and sometimes cause her to throw up. She can stand for about twenty minutes and then her neck, back and knees hurt. She can sit for about twenty to twenty-five minutes and then she has to move around. At home, she gets her son ready for school, she tries to read, and she watches television. She can drive to the grocery store and to pick up her son from school. She does some cooking and the laundry. She gets tired a lot and she spends two to three hours per day lying down. She does not have a computer and does not e-mail.

She is very depressed, self-conscious about how she looks, and she does not want anybody near her. She has crying spells and sometimes they last 20 minutes. She has treated for bipolar disorder. Her mood swings occur maybe three times a week. Plaintiff testified she receives a retirement medical disability from the Postal Service. (R. 26-37).

The ALJ next took testimony from Jeffrey Carlisle, a vocational expert (VE). In pertinent part, the VE testified on a hypothetical question which assumed a person of Plaintiff's age, education and work history capable of light exertional work but no climbing ladders, scaffolds or rope and no work around moving machinery or unprotected heights and only occasional balancing. With such limitations, the individual could perform all of Plaintiff's past relevant work. With additional limitations for occasional climbing stairs and ramps, and occasionally balancing, stooping, and crouching but no kneeling or crawling and no work requiring detailed or complex tasks, such past work would be precluded. However, the occupational base for light work would remain generally intact. If such individual were limited to sedentary work with the same additional limitations, jobs such as assembler, packager, and product inspector would still be available. If such individual could have only occasional interaction with coworkers and the public, then these jobs would no longer be available. (R. 38-42).

On January 4, 2010, the ALJ determined that while Plaintiff has severe impairments related to bipolar disorder, anxiety, history of breast cancer May 2004 and reconstruction procedures, and hypertension, stable, she nonetheless had the residual functional capacity to perform medium[1] exertional work with limitations. Upon this finding and the testimony of the VE, the ALJ concluded that Plaintiff could not perform her past work, but could perform jobs available to her in the local and national economy. Upon this conclusion, the Plaintiff

---

[1] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 404.1567(c).

was determined to be not disabled. (R. 11-19). The Appeals Council considered the reasons Plaintiff disagreed with the decision and denied Plaintiff's request for review.

B.

Consideration of the Plaintiff's claims is governed by certain principles. In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* at § 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See id.* at § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Commissioner must apply the correct law and demonstrate that he has done so. While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. *Grant v. Richardson*, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. *Celebrezze v. O'Brient*, 323 F.2d 989, 990 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to re-weigh the evidence, but is limited to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. *Miles*, 84 F.3d at 1400; *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

In sum, the scope of review is limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988).

C.

Plaintiff complains that the ALJ erred in failing to develop a full and fair record due to her failure to discuss whether Plaintiff's carpal tunnel syndrome was a severe impairment. In conjunction with this argument, Plaintiff contends the ALJ failed to adequately evaluate her complaints of lifting limitations in accordance with the proper standards. Plaintiff seeks an order remanding the case for consideration of the full record and a new residual functional capacity determination. (Doc. 18). The Commissioner responds that Plaintiff failed to carry her burden of establishing that her carpel tunnel syndrome was a severe impairment. She

never raised it in her application, nor did she testify that such affected her ability to work. And although the ALJ did not discuss the single reference to carpal tunnel in the medical records, the ALJ is not obligated to comment on every piece of evidence, and in any event, the ALJ found in favor of Plaintiff at step two finding other severe impairments and proceeding with the sequential evaluation. As for Plaintiff's pain complaints, the Commissioner urges that the Plaintiff's testimony and the medical evidence supported the ALJ's finding that the Plaintiff's subjective complaints were not entirely credible, and the ALJ gave ample reasons for reaching her conclusions. (Doc. 19).

It is beyond dispute that the ALJ has a basic duty to develop a full and fair record. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). This obligation exists whether or not the claimant is represented by counsel. *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997); *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). Nonetheless, it is the claimant's burden to prove that she is disabled and she is responsible for producing evidence in support of her claim. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. § 416.912(a), (c)). Furthermore, case law in this Circuit requires the claimant to show some prejudice before a remand to the Commissioner for further development is ordered. *See Graham*, 129 F.3d at 1423.

And, where an ALJ decides not to credit a claimant's testimony about [pain], the ALJ must articulate specific and adequate reasons for doing so or the record must be obvious as to the credibility finding. *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995); *Jones v. Dep't of Health & Human Servs.*, 941 F.2d 1529, 1532 (11th Cir. 1991). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the

record. *Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir. 1987). However, the lack of a sufficiently explicit credibility finding may give grounds for a remand if the credibility is critical to the outcome of the case. *Smallwood v. Schweiker*, 681 F.2d 1349, 1352 (11th Cir. 1982). Thus, where credibility is a determinative factor, the ALJ must explicitly discredit the testimony or the implication must be so clear as to amount to a specific credibility finding. *Foote*, 67 F.3d at 1562.

Because I conclude that the ALJ could not reach her RFC assessment without fully considering and addressing Plaintiff's claimed limitations regarding lifting and carrying, and because such was not done, I find a remand for further consideration is required. Initially, I agree with the Commissioner that Plaintiff did not expressly claim to suffer carpal tunnel syndrome in her administrative filings or before the ALJ. *See, e.g.*, (R. 123). Nor did her representative raise that claim in his post-hearing letter to the Appeals Council. (R. 176-77).[2] On the other hand, Plaintiff did testify before the ALJ that she could only lift and carry five to ten pounds at most. (R. 31). While this limitation was not tied to any particular impairment, the testimony was preceded by Plaintiff's comment that she could not play the piano any more because of arthritis in her hands. (R. 28). In light of this testimony, the Commissioner is incorrect in asserting that the Plaintiff failed to put the ALJ on notice of problems with her hands. She did and by my consideration the ALJ was duty bound to evaluate her limitations

---

[2]For the reasons urged in his brief, I also agree with the Commissioner that there was no error at step two of the evaluation process by reason of the failure to identify this condition as a severe impairment. *See Jamison v. Bowen,* 814 F.2d 585, 588 (11th Cir. 1987) (noting that, ". . . the finding of any severe impairment, whether or not it qualifies as a disability and whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe, is enough to satisfy the requirement at step two.").

7

in lifting and carrying and to address the same in connection with the RFC assessment for medium work regardless of whether such limitations were caused by arthritis or carpal tunnel or some other condition. As Plaintiff notes, there was medical support for carpal tunnel syndrome. Thus, in May 2009, a treating doctor, Dr. Nguyen-Siddiqi, M.D., gave his impression for carpal tunnel syndrome. The doctor prescribed Ultram and wrist splints. (R. 663, 204). This report, along with Plaintiff's testimony, went unmentioned by the ALJ. Instead, the ALJ cited to a March 2008 report by a consulting examiner, Dr. Zilka, M.D., who noted that Plaintiff was able to lift, carry and handle light objects and able to perform fine motor skills. (R. 17, 262). My concern is that by either report, the ALJ's conclusion that Plaintiff could perform medium exertional work is doubtful. Such work involves lifting up to 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. While Dr. Nguyen-Siddiqi's report does not expressly speak to Plaintiff's ability to lift and carry, I cannot read Dr. Zilka's report to support the capacity for medium exertional lifting and carrying. And a review of the balance of the medical record does not lend support to the conclusion for medium work either. Both state agency doctors assessed Plaintiff capable of only light exertional work with limitations. (R. 268, 290). Furthermore, consistent with the applicable standards, the ALJ could not properly reach this RFC for medium exertional work without adequately discounting the subjective limitation in lifting/carrying claimed by the Plaintiff. Where as here, Plaintiff's credibility was a determinative factor, the ALJ was duty bound to address this subjective claim by the Plaintiff and the failure to do so requires further review.

Accordingly, a remand for consideration of the full record and a renewed assessment of Plaintiff's RFC is required.

D.

While I draw no conclusions on the matter of Plaintiff's disability, for the foregoing reasons, the decision of the Commissioner of the United States Social Security Administration is not supported by substantial evidence or is not in accordance with the correct legal standards. The decision is reversed and remanded for further proceedings before the Commissioner consistent with this Order. Accordingly, the Clerk is directed to enter Judgment in favor of the Plaintiff and to close the case, and the matter of fees and costs shall be addressed upon further pleadings.

**Done and Ordered** at Tampa, Florida, this 19th day of July 2012.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record